1

2

3

4

5

6

7

8                 **IN THE UNITED STATES DISTRICT COURT**

9                 **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    CHAUNSE JACKSON,                         No.  2:21-CV-1186-DMC-P

12                      Plaintiff,

13           v.                                ORDER

14    J. PICKETT, et al.,

15                      Defendants.

16

17           Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42

18    U.S.C. § 1983.  Pending before the Court is Plaintiff's first amended complaint, ECF No. 11.

19           The Court is required to screen complaints brought by prisoners seeking relief

20    against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C.

21    § 1915A(a).  The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or

22    malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

23    from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

24    the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

25    statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This

26    means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d

27    1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the

28    complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

1   rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege

2   with at least some degree of particularity overt acts by specific defendants which support the

3   claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is

4   impossible for the Court to conduct the screening required by law when the allegations are vague

5   and conclusory.

6

7                                    **I.  PLAINTIFF'S ALLEGATIONS**

8          Plaintiff names the following as defendants, who are prison officials at High

9   Desert State Prison (HDSP):  (1) Hueso, a correctional officer; (2) Spinelli, a correctional officer;

10  (3) Eadi, a cook; and (4) Silva, a cook.  See ECF No. 11, pg. 1.  Plaintiff alleges the following in

11  his two-page first amended complaint:

12          On 5-13-2020 Plaintiff went to medical and was issued a lay in.  The lay-
            in was given to C.O. Spinelli, which along the way was said that never
13          made it to my file.  I was assigned to dining hall two on facility C at High
            Desert State Prison, Susanville, California.  Plaintiff had sustained an
14          injury which granted him a lay-in.  Cook-Silva call [sic] Plaintiff to work
            on 8-1-2020 and laughed at Plaintiff stating he doesn't care about his
15          medical lay-in.  On 8-7-2020 I was called in again and was forced to work
            which ended with Plaintiff reinjuring his left knee.  C.O. Hueso and cook-
16          Eadi was aware of the medical lay-in but refuse to uphold it.  Because off
            [sic] threats of disciplinary action Plaintiff kept going to work which led to
17          this.  Plaintiff was violated [sic] of his Eighth Amendment right.  Do to the
            mistreatment of Plaintiff's medical needs and neglect by defendants.
18
            Id. at 1-2.
19

20

21                                        **II.  DISCUSSION**

22          The Court finds that Plaintiff's first amended complaint states cognizable claims

23  against Defendants Silva, Hueso, and Eadi for disregard of Plaintiff's "lay in" which resulted in

24  Plaintiff reinjuring his knee, in violation of the Eighth Amendment.  Plaintiff's first amended

25  complaint, however, does not state a cognizable claim against Defendant Spinelli.

26  / / /

27  / / /

28  / / /

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations.  See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

As to Defendant Spinelli, Plaintiff merely alleges that he was provided with a copy of the "lay in."  Plaintiff does not allege any facts which would link Spinelli to disregard of the "lay in" resulting in further injury.  Plaintiff will be provided an opportunity to amend.

### III.  CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d

164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

Because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed therefor, the Court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

Accordingly, IT IS HEREBY ORDERED that Plaintiff may file a second amended complaint within 30 days of the date of service of this order.

Dated:  October 15, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

4