IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAUNSE JACKSON, | No. 2:21-CV-01186-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| J. PICKETT, et al., | |
| Defendants. | |

   Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. Pending before the Court is Plaintiff's second amended complaint, ECF No. 17.

   The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as Defendants, who are prison officials at High Desert State Prison (HDSP): (1) Hueso, a correctional officer; (2) Spinelli, a correctional officer; (3) Eadi, a cook; and (4) Silva, a cook. See ECF No. 17, pg. 1. Plaintiff no longer names J. Pickett, the prison warden, as a Defendant. See id.

Plaintiff claims a violation of Eighth Amendment rights due to mistreatment of his medical needs and neglect by Defendants. See id., pg. 2. Plaintiff alleges that he sustained an injury to his knee and was issued a lay-in, excusing him from work, which documentation was provided to Defendant Spinelli but not put in Plaintiff's file. See id., pg. 1. Despite the knowledge of the lay-in, Defendants Hueso, Eadi, and Silva required Plaintiff to work on threat of disciplinary action if he refused. See id., pgs. 1-2. Because Plaintiff was forced to work, Plaintiff reinjured his knee, which now may need surgery. See id., pg. 2.

## II. DISCUSSION

The Court previously found that Plaintiff stated cognizable claims against Defendants Silva, Hueso, and Eadi for disregard of Plaintiff's "lay in," which resulted in Plaintiff reinjuring his knee. See ECF No. 24, pg. 2. Plaintiff's second amended complaint, however, continues to be deficient in that it fails to state a cognizable claim against Defendant Spinelli.

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is

made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

As to Defendant Spinelli, Plaintiff's vague and conclusory statements continue to be insufficient. Plaintiff merely alleges that Defendant Spinelli was provided with a copy of the "lay in" and that it was supposed to be in Plaintiff's file, but was not. Plaintiff does not allege any facts that would link Defendant Spinelli to the claim that his "lay in" was disregarded and resulted in further injury. Thus, Plaintiff has failed to allege specific facts as to how Defendant Spinelli is involved as to the alleged wrongdoing, how the conditions complained of have resulted in a deprivation of his constitutional rights, or set forth some link or connection between Defendant Spinelli and the claimed deprivation. Plaintiff will be provided with one final opportunity to amend.

### III.  CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff will be afforded one final opportunity to amend. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make the amended complaint complete; it must be complete in itself without reference to any prior pleading. See Local Rule 220.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d

164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed therefor, the Court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to terminate J. Pickett as a defendant to this action; and

2. Plaintiff may file a third amended complaint within 30 days of the date of service of this order.

Dated:  December 20, 2022

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE